UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMIAN ANSON, et al.,

  Plaintiffs,

v.

CITY OF DELTONA, a Florida
Municipal corporation,

  Defendant.
_____/

Case No. 6:23-cv-00766-PGB-LHP

## JOINT CASE MANAGEMENT REPORT

The parties jointly and respectfully, pursuant to Local Rule 3.02, submit the following case management report:

**1. Date and Attendees**

The parties conducted the planning conference via telephone on 5/18/2023 at 1:00 p.m. Thomas C. Allison, Esq., and Andrew B. Doyle, Esq., attended for plaintiffs. Dale A. Scott, Esq., attended for defendant.

**2. Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | **6/15/2023** |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | **8/1/2023** |

| | |
|---|---|
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | **4/1/2024** |
| Defendant's deadline for disclosing any expert report. | **5/1/2024** |
| Deadline for disclosing any rebuttal expert report. | **6/1/2024** |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | **8/15/2024** |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c).<br>　　Deadline for motion:<br>　　Deadline for response:<br>　　Deadline for reply: | **8/15/2023**<br>**10/1/2023**<br>**11/1/2023** |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | **9/15/2024** |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>**Carlos Alvarez, Esq.**<br>**Mediations Facilitations and Negotiations**<br>**309 Belmont Road**<br>**Tallahassee, Florida 32301-2707**<br>**850-567-7223** | **10/15/2024** |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a).<br>**\*On or before the provided date.** | **12/15/2024** |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | **2/1/2025** |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | **2/15/2025** |

| **\*Approximate date, subject to confirmation and scheduling by the Court.** | |
|---|---|
| Month and year of the trial term. | **3/1/2025** |

The trial will last approximately **10 days** and be

☒  jury.

☒  non-jury.

Non-jury trial as to liability determination on inverse condemnation/taking claims.  Should the Court determine a taking occurred, jury trial on damages.

### 3. Description of the Action

Inverse condemnation claims related to flooding, asserted under the United States and Florida Constitutions.

### 4. Disclosure Statement

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

### 5. Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

### 6. Consent to a Magistrate Judge

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☒ The parties do request a preliminary pretrial conference, and the parties want to discuss:

   Plaintiffs request a preliminary pretrial conference to discuss non-jury trial proceedings as to liability (regarding inverse condemnation) and jury trial proceedings as to damages. Defendant does not request a preliminary pretrial conference, but does not oppose plaintiffs' request.

8. **Discovery Practice**

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: n/a.

   B. Discovery may be needed on these subjects: liability issues related to plaintiffs' inverse condemnation claims; flooding issues; causation; damages issues.

   C. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; N/A

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; N/A

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☐ No.
☒ Yes.

In addition to the ten (10) depositions permitted as a matter of course under Rule 30, the parties agree defendant may take the depositions of each named plaintiff.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, n/a.

☐ n/a unilaterally requests special handling. Specifically, n/a.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures (next page)

Jointly, respectfully submitted by:

/s/ Thomas C. Allison[1]  Date: 5/25/23
Thomas C. Allison, Esq.
Fla. Bar No. 35242
thomas@allisonpa.com
Thomas C. Allison, P.A.
5433 S. Bracken Ct.
Winter Park, FL 32792
Tel:  407-720-7642
Co-counsel for Plaintiffs

and

/s/ Dale A. Scott  Date: 5/25/23
Dale A. Scott, Esq.
Fla. Bar No. 568821
dscott@roperlaw.com
ehemphill@roperlaw.com
Roper, P.A.
2707 E. Jefferson St.
Orlando, FL 32803
Tel: 407-748-2766
Counsel for City of Deltona

---

[1] Mr. Allison has provided express, written authorization to Mr. Scott to affix Mr. Allison's electronic signature to this document, and date such electronic signature.

## CERTIFICATE OF SERVICE

I certify that a copy of this document has been furnished via e-mail on this 25th day of May, 2023, to:

Thomas C. Allison, Esq.
thomas@allisonpa.com
Thomas C. Allison, P.A.
5433 S. Bracken Ct.
Winter Park, FL 32792
Co-counsel for Plaintiffs

Andrew Bernard Doyle, Esq.
andrew@sd-firm.com
micky@sd-firm.com
Seibane Doyle, PLLC
913 Mabbette St.
Kissimmee, FL 34741
Co-counsel for Plaintiffs

          ROPER, P.A.

By:  /s/ Dale A. Scott
   Dale A. Scott, Esq.
   Fla. Bar No. 568821
   dscott@roperpa.com
   ehemphill@roperpa.com
   2707 E. Jefferson St.
   Orlando, FL 32803
   Tel: 407-897-5150
   Fax: 407-897-3332
   Counsel for City of Deltona