**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAMIAN ANSON, DEBRA
BENNETT, JOHN BENNETT,
CHERYL CLASS, RODNEY J.
CRUISE, CRISTINA
CABANILLA, DOREEN
DAIDONE, LEONARD
DAIDONE, ANNETTE DUKE,
DRUCILLA FAULK, TIMOTHY
FOSTER, HANA FOSTER, JOHN
ANTHONY HOHMANN, LINDA
HOHMANN, PAUL
KRASULSKI, MARTIN
KRASNIQI, JOHN LEWIS,
PAULA LEWIS, CONNIE R.
LIGHTNER, GEORGE
LIGHTNER, MONIKA
LUEDECKE, GARY LUEDECKE,
ANGELA MACALUSO, ILLEANE
PIERLUISSI, SUSAN POUZAR,
BARRY F. SANDERS, WALLY
SANDERS, JORGE SILVA,
MARIA SILVA, JIM
SINGLETARY, ELESIX ESTEPA,
TRENA SULLIVAN, FLANN
WALDORF, PAUL TILLOTSON,
MARLA TILLOTSON, ROY
WALTERS, SANDRA
WALTERS, JUDY WARNING,
WALTER WARNING,
FREDERICK WILSON, AUSTIN
ZAKARI, CHARLES BEAMAN,
JAYNE BEAMAN, BETHANY
TURNER, CURTIS CARLSON,
CAROLE COLEMAN, HELEN
JEANETTE DEEN, DEBORAH
DEEN, DANIEL DEEN, JODEE
DEEN, SHARON ROSE
GRIFFIN, DARLENE GRIEME,**

**DALE GRIEME, ROGER JENNI,**
**MARGARET JENNI, PHILLIP**
**LAPPIES, PAMELA LAPPIES,**
**JOYCE MILLER, MICHAEL**
**O'SULLIVAN, SAMANTHA**
**O'SULLIVAN, JOHN**
**PETRUNIC, SUSAN PETRUNIC,**
**NORMA PHILLIPS, MARIAN**
**SHIRK, CHRIS STUBBS,**
**NANCY STUBBS and SARAH**
**THOMAS,**

               **Plaintiffs,**

**v.**                                           **Case No: 6:23-cv-766-PGB-LHP**

**CITY OF DELTONA,**

               **Defendant.**
_____/

## ORDER

This cause is before the Court on the Defendant's Motion to Dismiss the Amended Complaint. (Doc. 32). The Plaintiffs submitted a Response in Opposition. (Doc. 33). Upon consideration, the Defendant's Motion to Dismiss is denied.

## I.    BACKGROUND

Plaintiff Damian Anson[1] sues the City of Deltona and alleges that in September 2022, after Hurricane Ian made landfall in Florida, the City removed a flood control structure and redirected rising floodwaters from Deltona through and over Stone Island. (Doc. 27, ¶¶ 66–67). The Plaintiffs own property in the

---

[1]    While not pertinent here, Plaintiff Anson brings suit as a putative class representative. That said, the affected homeowners are also named Plaintiffs. (Doc. 27).

Stone Island community, and they allege that over less than one day, the waters in Stone Island rose "many feet, resulting in catastrophic damage to the community." (*Id*. ¶¶ 68–69). The Plaintiff contends the City's actions created a floodplain out of the Stone Island community, conferring a benefit on the residents of Deltona and effectively creating a drainage easement. (*Id*. ¶¶ 77–78). The drainage easement causes water to be diverted from Deltona and results in water from the Lake Theresa Basin to discharge to Lake Bethel and over Stone Island. (*Id*. ¶ 78). Plaintiff further alleges that the flood control structures remain open. (*Id*. ¶ 80). The Plaintiff alleges the conditions caused by the City's opening of the flood control structure may reasonably be expected to recur and constitute a permanent invasion of Stone Island. (*Id*.).

The Plaintiffs contend the flooding of Stone Island caused damage to and destruction of structures and personal property and decreased property valuations and deprivation and loss of access to property. (*Id*. ¶ 56). The Plaintiffs bring an action for inverse condemnation under Article X, § 6(a) of the Florida Constitution and under the Fifth Amendment to the United States Constitution. (*Id*. ¶¶ 132–147). The Defendant moves to dismiss the Amended Complaint. (Doc. 32).

## II.   STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). Thus, to survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"² *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* To assess the sufficiency of factual content and the plausibility of a claim, courts draw on their "judicial experience and common sense" in considering: (1) the exhibits attached to the complaint; (2) matters that are subject to judicial notice; and (3) documents that are undisputed and central to a plaintiff's claim. *See id.*; *Parham v. Seattle Serv. Bureau, Inc.*, 224 F. Supp. 3d 1268, 1271 (M.D. Fla. 2016).

Though a complaint need not contain detailed factual allegations, mere legal conclusions or recitation of the elements of a claim are not enough. *Twombly*, 550 U.S. at 555. Moreover, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994) (per curiam).

---

² The Defendant challenges the factual accuracy of the Amended Complaint and offers statements of fact to counter the Plaintiff's allegations. (*See* Doc. 32, p. 7, n.9). As the Plaintiff correctly notes, such arguments are not proper in a motion to dismiss and must be reserved for summary judgment. (Doc. 33, p. 5).

In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679.

## III.   DISCUSSION

The Defendant moves to dismiss the Amended Complaint due to its lack of specificity concerning the property damaged by flood waters and the nature of such damage. (Doc. 32, pp. 18–21). That said, the Amended Complaint identifies each Plaintiff and his or her ownership of real property located in the Stone Island neighborhood and asserts the property was "used, and damaged or destroyed, by Deltona" as a result of the flooding. (Doc. 27, ¶¶ 4–48). The Plaintiff is correct that they need not specify the affected property by address, property description, or other identifier such as its size, acreage, or elevation, as Defendant contends. (Doc. 32, p. 3; Doc. 33, p. 5). The Defendant has sufficient notice of the ownership of the affected property and its inclusion in the Stone Island community. The Defendant cites no authority for the proposition that more is needed to survive a motion to dismiss.

As for the sufficiency of the allegations of damage, the Amended Complaint alleges that the damage consists of damage to and destruction of structures and personal property and decreased property valuations and deprivation and loss of access to property. (*Id.* ¶ 56). The damages claimed by the Plaintiffs are general damages in that they naturally and necessarily flow from the defendant's conduct.

*AmSouth Bank v. Lewis*, No. 8:04-cv-618-T-27MAP, 2006 WL 8439904, at \*1 (M.D. Fla. June 9, 2006). As a result, the heightened pleading requirement of Rule 9(g) of the Federal Rules of Civil Procedure does not apply. Even applying the heightened pleading requirement of Rule 9(g), the Amended Complaint pleads sufficient facts to survive a motion to dismiss.

In *Italiano v. Jones Chemicals, Inc.*, 908 F. Supp. 904, 907 (M.D. Fla. 1995), the Court held that Rule 9(g) requires items of special damages to be specifically stated, but it "requires no more than a specific statement that allows Defendants to prepare a responsive pleading and begin their defense." (citations omitted). The Court found Plaintiff's claim that the property had been rendered unmarketable, lost business opportunity in the form of a loss of potential real estate sale, and costs incurred was sufficient to satisfy the special pleading requirement of Rule 9(b).[3] *Id.* Accordingly, Defendant's Motion to Dismiss for lack of specificity fails.

Next, the Defendant argues the Plaintiffs fail to properly claim inverse condemnation because the Amended Complaint does not allege the government's action constitutes a substantial interference with their property rights for more than a momentary period and will be continuously or reasonably expected to continuously recur. (Doc. 32, p. 12 (citations omitted)). First, the Plaintiffs allege that the conditions caused by the City's opening of the flood control structure may reasonably be expected to recur and constitute a permanent invasion of Stone

---

[3]   The term "special damage" can be opaque. It typically denotes damage beyond the ordinary or general damage for which one ought to give warning in his pleadings to avoid surprise at trial. *Leavitt v. Cole,* 291 F. Supp. 2d 1338, 1344 (M.D. Fla. 2003) (citation omitted).

Island. (Doc. 27, ¶ 80). That is, the Plaintiffs allege the flood control structures remain open, which the Court must accept as true.[4] (*Id.*). And the Eleventh Circuit has held that "[a] physical invasion constitutes a *per se* taking, in part because the 'power to exclude has traditionally been considered one of the most treasured strands in an owner's bundle of property rights.'" *Chmielewski v. City of St. Pete Beach*, 890 F.3d 949 (11th Cir. 2018) (citation omitted). The Court reasoned that "even a temporary or intermittent invasion of private property can trigger physical takings liability." *Id.* at 950 (quoting *Ark. Game & Fish Comm'n v. United States*, 568 U.S. 23 (2012) (holding government-induced recurrent floodings, even if temporary in duration, are not categorically exempt from Takings Clause liability)). Here the Plaintiffs allege the City's conduct created a drainage easement, and if proven to be true falls under the Takings Clause. *See also Bensch v. Metropolitan Dade County*, 952 F. Supp. 790, 793 (S.D. Fla. 1996) (holding Florida law implicitly recognizes a valid property interest in a flowage easement for which a taking may proceed).

## IV.   CONCLUSION

For these reasons, the Defendant's Motion to Dismiss the Amended Complaint (Doc. 32) is **DENIED**.[5]

**DONE AND ORDERED** in Orlando, Florida on March 1, 2024.

---

[4]   The Court takes judicial notice that Florida has a Hurricane Season. As such, future incidents of heavy rainfall are likely to recur.

[5]   To the extent that the Defendant advanced other arguments not specifically addressed in this Order, those grounds are rejected.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

8